THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 Zepsa Construction,
 Inc.,        Appellant,
 
 
 

v.

 
 
 
 Phillip A. Randazzo and
 Virginia M. Randazzo,       
 Respondents.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No.
2005-UP-422
Submitted June 1, 2005  Filed June 27, 2005

AFFIRMED

 
 
 
 Lucy London McDow, of Rock
 Hill, for Appellant.
 Douglas F. Gay, of Rock
 Hill, for Respondents.
 
 
 

PER CURIAM:  Zepsa
Construction, Inc. appeals the trial courts order denying its request for
disbursement of funds from a mechanics lien bond to pay a personal judgment
Zepsa asserts it is owed from Phillip and Virginia Randazzo.  We affirm.1
FACTS
The Randazzos entered into a
contract with Zepsa under which Zepsa agreed to construct a restaurant for the
Randazzos for $610,000.  After Zepsa commenced work on the project, the
Randazzos notified it, through their attorney, that they wished to terminate the
contract.  Subsequently, Zepsa filed a complaint and notice of mechanics
lien against property owned by the Randazzos seeking payment of a total of
$108,461.33.  This amount included the alleged $81,346.00 balance due on
the Randazzos account and attorneys fees in the amount of
$27,115.33. 
Initially, the Randazzos did not
respond to Zepsas complaint and after a hearing on the matter, the trial
court issued an order for judgment and foreclosure of mechanics lien. 
The trial court subsequently set aside this default judgment after the Randazzos
asserted service of the summons and complaint was insufficient.  After
another hearing on the matter, the trial court issued an order in January of
2001 finding the Randazzos liable for $10,846 for the unpaid balance of the work
done to the property and $40,000 in lost profits and overhead to Zepsa.  In
addition to the $50,846 award, the trial court ordered the Randazzos to pay
prejudgment interest on this amount to Zepsa.  Later, the trial court
issued another order requiring the Randazzos to pay attorneys fees and costs
to Zepsa pursuant to the mechanics lien statute. 
The Randazzos appealed both the
trial courts orders.  This court initially issued an order affirming, as
modified, the trial courts order.2 
In that order, we determined the trial court erred in awarding the $40,000 in
lost profits and overhead to Zepsa.  First, we determined the trial court
erred in awarding this amount as an element of damages under Zepsas breach of
contract action because Zepsa only pleaded a mechanics lien theory of
recovery.  Second, we found as lost profits and overhead generally are not
recoverable as an element of damages in mechanics lien foreclosure action,
Zepsa was limited to recovery of only $10,846.00 for the work actually
completed.  Later, we withdrew this opinion and filed a substituted opinion
only addressing the issue of whether the trial court erred in determining lost
profits and overhead were recoverable as an element in a mechanics lien
foreclosure action.3  Again, we
determined such amounts were not recoverable under a mechanics lien
foreclosure action, thereby only entitling Zepsa to $10,846, the amount due
related to work performed. 
Zepsa filed an ex parte
motion to attach a $108,461 cash bond the Randazzos had posted with the York
County Clerk of Court, pursuant to South Carolina Code Annotated Section
29-5-110.  Zepsa sought to have the entire amount of the funds disbursed to
pay the mechanics lien judgment and the personal judgment it claimed the
trial court ordered in the underlying action.  The Randazzos opposed this
motion, objecting to disbursement of any funds other than the $10,846.00 for the
mechanics lien judgment.  After the hearing, the trial court issued an
order granting Zepsas request with regard to the amount owed under the
lien.  This appeal followed.
LAW/ANALYSIS
Zepsa argues the trial court erred
in not ordering disbursement of the entire bond amount.  Zepsa asserts
although this courts decision precluded damages for lost profits and overhead
under its action to foreclose on a mechanics lien, it remains entitled to
this award as a personal judgment against the Randazzos. 
Regardless of whether Zepsa is
entitled to a personal judgment against the Randazzos, we find Zepsa is not
entitled to collect this amount from the bond posted by the Randazzos. 
Section 29-5-110 of the South Carolina Code governs the release of a lien upon
filing security.  This section provides: 

 At any time after service and
 filing of the statement required under § 29-5-90 the owner or any other
 person having an interest in or lien upon the property involved may secure the
 discharge of such property from such lien by filing in the office of clerk of
 court or register of deeds where such lien is filed his written undertaking,
 in an amount equal to one and one-third times the amount claimed in such
 statement, secured by the pledge of United States or State of South Carolina
 securities, by cash or by a surety bond executed by a surety company licensed
 to do business in this State, and upon the filing of such undertaking so
 secured the lien shall be discharged and the cash, securities or surety bond
 deposited shall take the place of the property upon which the lien existed and
 shall be subject to the lien. In the event of judgment for the person
 filing such statement in a suit brought pursuant to the provisions of this
 chapter, such judgment shall be paid out of the cash deposited or, in event of
 pledge of securities, it shall be paid from the proceeds of a sale of so much
 of the pledged securities as shall be necessary to satisfy such judgment or,
 in event of the filing of a surety bond, the surety company issuing such bond
 shall pay such amount found due, not to exceed the amount of the bond.
 . . . .

S.C. Code Ann. § 29-5-110 (Supp.
2004) (emphasis added).  This statute allows any person with an interest in
property subject to a mechanics lien to file a bond releasing the property
from the lien.  When a lien is released upon the posting of a bond pursuant
to this statute, the effect of the release is to transfer the lien from the
property to bond.  See Maddux Supply Co. v. Safhi, Inc.,
316 S.C. 404, 412, 450 S.E.2d 101, 105 (Ct. App. 1994). 
Prior to trial, the Randazzos posted
a $108,461.33 bond in exchange for the release of the mechanics lien placed
on their property by Zepsa.  After the trial and the disposition of Zepsas
appeal, Zepsa filed a motion for attachment of the Randazzos bond.  In
its motion, Zepsa acknowledged the bond was for the purpose of releasing of the
mechanics lien pursuant to section 29-5-110.  In addition, Zepsa stated
in its motion:  The funds on deposit for the mechanics lien released
exceed the amount necessary to pay the liened part of Zepsas judgment. 
Zepsa seeks an order attaching the excess funds so that they may be applied
against its personal judgment against the Randazzos, which is not covered by the
lien. 
The bond the Randazzos filed may
only be used to satisfy a judgment awarded pursuant to the provisions of the
mechanics lien statutes.  Even if Zepsa may recover the $40,000 related
to lost profits and overhead as a personal judgment against the Randazzos, it
cannot seek to recover this amount in an action to attach a mechanics lien
bond.4 
CONCLUSION
In accordance with our findings
above, the order of the trial court is
AFFIRMED. 
GOOLSBY, HUFF, and KITTREDGE, JJ.,
concur.

1 We decide this case without oral argument pursuant to Rule 215,
SCACR.
2 Zepsa Constr., Inc. v. Randazzo, 356 S.C. 39, 586 S.E.2d 599
(Ct. App. 2003).
3 Zepsa Constr., Inc. v. Randazzo, 357 S.C. 32, 591 S.E.2d 29
(Ct. App. 2004).
4 We take no position as to whether the trial courts January of
2001 order included an award of a personal judgment.